**Kunal SHAH, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.**

**No. 07–0384–ag.**

United States Court of Appeals, Second Circuit.

Nov. 2, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lila Sljivar, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jeffrey J. Bernstein, Senior Litigation Counsel, Brendan P. Hogan, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Kunal Shah, a citizen of India, seeks review of the January 5, 2007 order of the BIA affirming the April 27, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kunal Shah,* No. A97–739–177 (B.I.A. Jan. 5, 2007), *aff'g* No. A97–739–177 (Immig. Ct. N.Y. City Apr. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

■ Substantial evidence supports the agency's determination that Shah did not demonstrate that he would face persecution on account of a protected ground. In addition to showing past persecution or a well-founded fear, asylum eligibility requires that the persecution alleged be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42). Shah stated in his application that he fears harm from Sharif and his Muslim gang because he "[insulted] their gang leaders and now all of their gang people consider [him] as their enemy." This does not implicate a protected ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). The aforementioned basis for Shah's fear was further exemplified by the fact that Sharif, a local Muslim gang leader, only targeted him after Shah filed a police report against Sharif and insulted and threatened him in public. Indeed, Sharif's Muslim gang only accosted Shah in Bombay after verifying his personal identity, not because they thought he was a Hindu or a member of the Jain Welfare Organization ("JWO"). These factors provide substantial evidence in support of the agency's conclusion that Shah was not being targeted for his religious or political affiliations. *See Secaida–Rosales,* 331 F.3d at 307.

Shah's alternate theory, that Sharif and his gang have a mixed motive to persecute him, is also without merit. Shah has not presented any evidence that other Hindus or members of the JWO have been attacked for their political associations or religious beliefs. On the contrary, Shah testified that his brother and father, who are both members of the JWO and followers of the Jain religion, have not been attacked or harmed. Moreover, Shah's father, who is an active member and trustee of the JWO, was never pursued by Sharif or his men during his ten year association with the organization. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, Shah has failed to show that Sharif and his gang sought to harm Shah on account of his religious or political affiliations. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000).

■ Substantial evidence also supports the agency's determination that Shah failed to establish a well-founded fear of persecution due to his ability to safely relocate within India. *See* 8 C.F.R. § 208.13(b)(3). Shah stated in his application that he was able to relocate to Bombay and live without difficulty for over one year. Shah further testified that when he did receive threats and was confronted by the Muslim gang in Bombay he did not report this incident to the local police. This undermined his well-founded fear of persecution since he failed to demonstrate that the Indian government is unwilling or unable to control these Muslim gangs outside of Gujarat. *See Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds, INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). These factors, along with Shah's failure to show any social or cultural constraints on his reset-

tling within another part of India, support the agency's determination that it would be reasonable for Shah to relocate within his country and that he could avoid persecution by doing so. *See* 8 C.F.R. § 208.13(b)(3).

In light of the foregoing, the agency's denial of asylum was not improper. Because Shah was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Regarding CAT relief, Shah has failed to show any evidence that the Indian government would remain willfully blind to his torture at the hands of Muslim gangs. *See* 8 C.F.R. § 1208.18(a)(7); *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004). Accordingly, the agency did not err in denying his CAT claim.

For the foregoing reasons, the petition for review is DENIED.